**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Medical Technology Associates II dba 8BioMed** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-4303760** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| | **8BioMed**<br>**365 E. Avenida De Los Arboles**<br>**#1010**<br>**Thousand Oaks, CA 91360** |
| **1176 Tourmaline Dr.**<br>**Thousand Oaks, CA 91320** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Ventura** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.8biomed.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Medical Technology Associates II dba 8BioMed**                                 Case number *(if known)* _____
          Name

**7.**  **Describe debtor's business**    A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __8713__

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 04/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D) and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | | | |
|---|---|---|---|---|
| District | _____ | When | _____ | Case number _____ |
| District | _____ | When | _____ | Case number _____ |

| | |
|---|---|
| Debtor | **Medical Technology Associates II dba 8BioMed** |
| | Name |

Case number (*if known*) _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | |
|---|---|
| Debtor _____ | Relationship _____ |
| District _____ When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district?***    *Check all that apply:*

■   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

     Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

     Contact name _____

     Phone _____

### ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor    **Medical Technology Associates II dba 8BioMed**

Name

☐ $50,001 - $100,000          ■ $10,000,001 - $50  million          ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million         ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million       ☐ $100,000,001 - $500 million        ☐ More than $50 billion

| Debtor | **Medical Technology Associates II dba 8BioMed** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    June 14th, 2022
                   MM / DD / YYYY

X _____      **Hubert Ho**
     Signature of authorized representative of debtor      Printed name

Title   **COO/CFO**

---

**18. Signature of attorney**

X   */s/ Michael Busenkell*            Date   06/14/2022
   Signature of attorney for debtor                            MM / DD / YYYY

**Michael Busenkell, Esq.**
Printed name

**Gellert Scali Busenkell & Brown, LLC**
Firm name

**1201 N. Orange Street**
**Suite 300**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-425-5812**      Email address   **mbusenkell@gsbblaw.com**

**3933 DE**
Bar number and State

---

MINUTES OF SPECIAL MEETING

OF THE BOARD OF DIRECTORS OF

MEDICAL TECHNOLOGY ASSOCIATES II, INC.,

A Delaware Corporation

A special meeting of the Board of Directors of MEDICAL
TECHNOLOGY ASSOCIATES II, INC., a Delaware corporation, was held
on May 23, 2022 at 4:00 p.m. Pacific Daylight Time, via
teleconference (due to COVID restrictions).  Email notification
of the meeting was sent to all Board members on May 20, 2022.
Conroy Chi-Heng Cheng and Xiaowei Hu were present at the meeting
(by teleconference), and Haoyuan ("Rocky") Chen was absent.
Two-thirds (2/3) of the Board were present and participated in
the manner authorized by Delaware General Corporation Law
§ 141(i) and Article III, Section 7 of the Bylaws of this
corporation (each director participating in the meeting
electronically/telephonically could hear, and speak with, each
other director).  Hubert Ho, Secretary, Chief Financial Officer,
and Chief Operating Officer of the corporation, was also present
at the meeting (electronically).

The meeting was called to order by Conroy Chi-Heng
Cheng, who then presided over the meeting as Chairman; Hubert Ho
acted as Secretary of the meeting.  Mr. Ho announced that the

1

meeting was being held pursuant to a Notice of Special Meeting of the Board of Directors of Medical Technology Associates II, Inc.("MTA2"), dated May 20, 2022 (and sent on that date).

Hubert Ho presented certain materials regarding the financial condition of the corporation, discussed the corporation's current financial condition and future prospects, and discussed the on-going litigation the corporation was involved in, the status of that litigation, and possible outcomes of the litigation as well as the effect each matter could have on the corporation, its financial condition, and its future business prospects.  The future business prospects of the corporation were also discussed.

The Board reviewed and considered the materials presented to it, including, but not limited to, materials regarding the Corporation's liabilities and obligations, its liquidity, the strategic alternatives available to it, and the effect of the foregoing on its business.

The Board discussed whether it was necessary to consult any additional persons regarding the materials presented at the meeting, obtain additional information at this time, and determined that it was not necessary to do so at the present time.  The board further discussed various strategic alternatives available to the corporation.

2

Hubert Ho reported that he had contacted an investment banking firm (American Discovery Capital) who informed him that it would be "very challenging" for the Corporation to raise capital.  Mr. Ho reported that he was told that it would be difficult to raise capital from outside sources at this point (whether by debt or by equity).

Hubert Ho also reported that he has spoken with bankruptcy/insolvency counsel (several different attorneys) to discuss the options available to the corporation, including, but not limited to, various bankruptcy filings (Chapter 7, Chapter 11, Subchapter 5, etc.), as well as an assignment for the benefit of creditors, a composition of creditors, and/or a receivership.  Hubert Ho reported after lengthy discussion with bankruptcy counsel, that the recommendation was to file a Chapter 11, (probably) Subchapter 5 proceeding.

After further discussion, upon motion duly made by Conroy Chi-Heng Chen, and seconded by Xiaowei Hu, it was unanimously

> **RESOLVED**, that the Board has determined that it is desirable and in the best interests of the Corporation, its interest holders, its creditors, and other parties in interest, that the Corporation file or cause to be filed a voluntary petition for relief (a "Bankruptcy Petition") under the provisions of Chapter 11 of itle 11 of the United States Code, 11 U.S.C. §101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and,

3



in accordance with the requirements in such Corporation's governing documents and applicable law, the Board hereby consents to, authorizes and approves, the filing of the Bankruptcy Petition on behalf of the Corporation.

**RESOLVED FURTHER**, that the Chief Executive Officer (Conroy Chi-Heng Cheng) and/or the Chief Operating Officer (Hubert Ho) (collectively, the "Authorized Officers") of the Corporation, be, and each of them acting individually hereby is, authorized, empowered and directed, on behalf of, and in the name of, the Corporation, to execute and verify and certify such a Petition and to cause the same to be filed with the Bankruptcy Court at such time as the Authorized Officer executing that Petition on behalf of the Corporation shall determine and in such form or forms as such Authorized Officer may approve.

**RESOLVED FURTHER**, that the Authorized Officers of the Corporation be, and each of them acting individually hereby is, authorized and empowered to (i) execute and file on behalf of the Corporation, all petitions, schedules, lists, and other motions, papers, pleadings, or documents, and to take any and all action that such Authorized Officer may deem necessary or proper to obtain Chapter 11 bankruptcy relief, including, but not limited to, any action necessary to maintain the ordinary course operations of the Corporation's businesses and coordinate and effectuate the bankruptcy case, (ii) appear as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Corporation, and (iii) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that the Corporation, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized, as it deems necessary, to (i) conduct, manage and supervise a reorganization of the Corporation, (ii) to borrow funds in such amounts, from such lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation, (iii) to grant security interests in and liens upon all or substantially all of the

4

Corporation's assets as may be deemed reasonably necessary, proper or desirable by any one or more of the Authorized Officers in connection with such borrowings or in connection with obtaining authority to use cash collateral, cash or otherwise, and/or (iv) sell any or substantially all of the assets of the Corporation as one or more of the Authorized Officers may be deemed reasonably necessary, proper or desirable.

**RESOLVED FURTHER**, that the Authorized Officers, be, and each of them acting individually hereby is, authorized, empowered and directed, on behalf of, and in the name of, the Corporation, where deemed reasonably necessary, proper or desirable in such Authorized Officer's sole discretion, to take such actions, to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk or recorder, if necessary) any and all such agreements listed above (including exhibits thereto), including, without limitation, any and all documents relating to any post-petition financing, all affidavits, declarations, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may reasonably be required to give effect to these Resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof.

**RESOLVED FURTHER**, that the Authorized Officers, be, and each of them acting individually hereby is, authorized and empowered, on behalf of, and in the name of, the Corporation, to execute any and all plans of reorganization under Chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the Bankruptcy Court at such time as the Authorized Officer executing the same shall determine.

**RESOLVED FURTHER**, that the Authorized Officers be, and hereby are, authorized, empowered and directed to employ on behalf of the Corporation, subject to Bankruptcy Court approval: (i) such law firm in Delaware, as general bankruptcy counsel, as the Authorized Officers may determine, as well as such bankruptcy litigation counsel (if necessary) as the Authorized Officers may determine,

(ii) such other legal counsel, accountants, financial advisors, investment bankers, restructuring advisors and/or other professionals as the Authorized Officers deem necessary, appropriate or advisable; each to represent and assist the Corporation in carrying out its duties and responsibilities and exercising its respective rights under the Bankruptcy Code (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Officers be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**RESOLVED FURTHER**, that the Authorized Officers be, and hereby are, authorized and empowered to engage and/or employ on behalf of the Corporation, subject to Bankruptcy Court approval, a Chief Restructuring Officer if needed or desired, after consultation with bankruptcy counsel.

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them acting individually hereby is, authorized and directed, on behalf of the Corporation, to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates, and to make any payments of any costs, expenses or fees as they may deem reasonably required or desired to give effect to the consummation of the transactions contemplated by these Resolutions and any Chapter 11 plan of reorganization, and to execute and deliver on behalf of the Corporation such documents, agreements and certificates, and to cause the Corporation to fully perform the terms and provisions thereof.

**RESOLVED FURTHER**, that all acts and actions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation, which acts or actions would have been approved by the foregoing Resolutions if such acts or actions had taken place after the execution of these Resolutions, be, and hereby are, confirmed, approved and ratified as the acts or actions of the Corporation.



Conroy Chi-Heng Cheng and Xiaowei Hu both voted in favor of these resolutions.

No further business was raised by any member of the Board.

There being no further business, upon motion duly made by Conroy Chi-Heng Cheng, and seconded by Xiaowei Hu, the Board members voted unanimously to adjourn the meeting.

_____
Hubert Ho,
Secretary

APPROVED:

_____
Conroy Chi-Heng Cheng

_____
Xiaowei Hu

7