**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MEDICAL TECHNOLOGY ASSOCIATES II, INC., | Case No.: 22-10534 (CTG) |
| Debtor.[1] | Related to Docket No. 4 |

**INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY
PREPETITION OBLIGATIONS OF CERTAIN CRITICAL VENDORS**

Upon consideration of the *Motion of the Debtor and Debtor in Possession to pay Prepetition Obligations of Certain Critical Vendors* (the "Motion"),[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion and the Ho Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the ten-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; after due deliberation the Court having determined that the relief requested in the Motion is (i) necessary and essential for the Debtor's reorganization, (ii) in the best interests of the Debtor, its estate and its creditors and (iii) necessary to prevent immediate

---

[1] The last four digits of the Debtor's U.S. tax identification number are (3760). The Debtor's mailing address is 1176 Tourmaline Dr, Thousand Oaks, CA 91320.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and irreparable harm to the Debtor and its estate; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1) The Motion is GRANTED on an interim basis until such time as the Court conducts a final hearing on this matter.

2) The Debtor is authorized, but not directed, to pay in its sole discretion and on an interim basis those Critical Vendor claims (or a portion thereof) that the Debtor determine must be paid, up to $60,000 in the aggregate, to continue receiving the vital services provided by the Critical Vendors.

3) The Following terms and conditions shall apply to any payment made to a Critical Vendor pursuant to this Interim Order:

   a) The Debtor shall mail a copy of the Interim Order to each Critical Vendor to which any payment permitted hereunder is made.

   b) By accepting a payment authorized by this Interim Order, the Critical Vendor agrees to maintain or reinstate customary trade terms during the pendency of this case.

   c) The Debtor may condition payment hereunder on the Vendor's agreement to waive any right to enforce reclamation rights pursuant to § 546 or otherwise, or request payment of an administrative expense related to § 503(b)(9).

   d) The Debtor is authorized to obtain written verification of trade terms to be supplied by a Critical Vendor before issuing payment hereunder.

   e) For any Critical Vendor that accepts a payment pursuant to the terms hereof and fails to reinstate customary trade terms with the Debtor during the pendency of this case or otherwise violates the foregoing conditions, the right of the Debtor to seek, upon a motion of the Debtor to enforce the terms requested herein, to have any payments of prepetition claims made to such Critical Vendor pursuant to the terms hereof be deemed to be unauthorized postpetition transfers and therefore recoverable by the Debtor is preserved.

4)      The final hearing for the relief requested in the Motion shall be July 8, 2022 at 1:00 p.m. Eastern Time (the "Final Hearing"), and any objections or responses to the motion shall be filed on or by five business days prior to the Final Hearing and served on the parties required by Del. Bankr. L.R. 2002-1(b).

5)      Any expenditure authorized pursuant to this Interim Order is subject to the Debtor having adequate funds under any debtor in possession financing or cash collateral order entered in this case.

6)      The Banks are authorized and directed to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtor related to Critical Vendor Claims paid pursuant to this Order, regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtor's accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order.

7)      Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) an implication or admission that any particular claim is a Critical Vendor claim.

8)      The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9) This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

**Dated: June 17th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**