# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEDICAL TECHNOLOGY ASSOCIATES II, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10534 (CTG)<br><br>Related to Docket No. 7 |

### INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF PREPETITION SALES, USE, PROPERTY, AND FRANCHISE TAXES AND SIMILAR TAXES AND FEES AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING

Upon the motion (the "**Motion**")[2] of Medical Technology Associates II, Inc., the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**"), for entry of an interim order (the "**Interim Order**"), pursuant to sections 105(a), 507(a)(8), and 541(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing, but not directing, the Debtor to pay certain prepetition taxes, including, sales and use taxes, franchise and similar taxes and fees in the ordinary course of business, as the Debtor, in its sole discretion, deem necessary, (ii) authorizing banks and other financial institutions (the "**Banks**") to honor and process check and electronic transfer requests related to the foregoing, and (iii) granting related relief; and upon consideration of the First Day Declaration and the record of this Case; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has

---

[1] The last four digits of the Debtor's U.S. tax identification number are (3760). The Debtor's mailing address is 1176 Tourmaline Dr, Thousand Oaks, CA 91320.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion shall be held on **July 8, 2022, at 1:00 p.m. (ET)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m. (ET) on July 1, 2022**, and shall be served on (i) Medical Technology Associates II, Inc., 1176 Tourmaline Dr, Thousand Oaks, CA 91320 (Attn: Hubert Ho, Ph.D., Chief Operating Officer/Chief Financial Officer, hho@8biomed.com ); (ii) Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, Delaware 19801 (attn: Michael Busenkell, mbusenkell@gsbblaw.com, and Ronald S. Gellert rgellert@gsbblaw.com ); (iii) Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (attn: Linda J. Casey, Linda.casey@usdoj.gov ); and Subchapter V trustee, Richard E. Furtek, CPA, Furtek & Associates LLC, Valleybrooke Corporate Center, 101 Lindewood Drive, Suite 225, Malvern, PA 19355, rfurtek@furtekassociates.com (collectively, the "**Notice Parties**"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

3. The Debtor is authorized, but not directed, to pay the Taxes and Fees due and owing, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtor, in its sole discretion, deem necessary, in an amount not to exceed $21,000 in the aggregate.

4. The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted before or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

5. Nothing herein shall impair any right of the Debtor to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, priority, classification, or otherwise.

6. The Debtor is authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the Taxes and Fees.

7. Nothing contained in this Interim Order or in the Motion is intended to or shall be construed as (1) an admission as to the validity of any claim against the Debtor or (2) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim. Likewise any payment made pursuant to this Interim Order is not intended and shall not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; <u>provided</u> that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Interim Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Interim Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Interim Order.

12. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

**Dated: June 18th, 2022**  
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**