## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEDICAL TECHNOLOGY ASSOCIATES II, INC.,<br><br>            Debtor.[1] | Chapter 11<br><br>Case No.: 22-10534 (CTG)<br><br>**Hearing Date: September 30, 2022 at 10:00 a.m. (ET)**<br>**Objection Deadline: September 22, 2022 at 4:00 p.m. (ET)** |

### MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (II) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO; AND (III) GRANTING RELATED RELIEF

Medical Technology Associates II, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order (the "Solicitation Procedures Order"):

(i)        scheduling a hearing (the "Confirmation Hearing") to consider confirmation of a *Subchapter V Plan of Reorganization of Medical Technology Associates II, Inc.* (the "Plan"), filed with the Court on September 2, 2022, (D.I. 127), as the same may be amended from time to time;

(ii)       approving the solicitation, notice, and tabulation procedures related to solicitation of the Plan and the forms related thereto; and

(iii)      granting related relief.

In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated

---

[1] The last four digits of the Debtor's U.S. tax identification number are (3760). The Debtor's mailing address is 1176 Tourmaline Dr., Thousand Oaks, CA 91320.
.

February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 502, 1123(a), 1124, 1125, 1126, and 1128 of title 11 of chapter 11 of the United States Code 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"); rules 2002, 3003, 3016, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Interim Bankruptcy Rule 3017.2; and rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## **GENERAL BACKGROUND**

4.      On June 14, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Subchapter V of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a Debtor and Debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed.

5.      The Debtor is a biopharmaceutical company focused on the research and development and future manufacturing and commercialization of hemoglobin-based oxygen carriers for various indications and applications related to the use of blood, including trauma and organ preservations. The Debtor was established in 2015 as a Delaware company, finished its Series A and B rounds of funding between 2017 and 2019, fitted-out its R&D and manufacturing

facility in Malvern, Pennsylvania between 2018 and 2019, and relocated its principal office to California between 2020 and 2022. It is also doing business as "8BioMed." Additional details regarding the Debtor's business, assets, capital structure, and the circumstances leading to the filing of this case are set forth in the *Ho Declaration* [D.I. 3].

6.      On June 15, 2022, Richard E. Furtek was appointed as the Subchapter V Trustee (the "Subchapter V Trustee") in this case.

7.      The Debtor filed its Plan on September 2, 2022 [D.I. 127].

### THE PLAN

8.      In accordance with Bankruptcy Code section 1126, the Plan classifies holders of Claims and Interests into certain Classes for all purposes, including with respect to voting rights, if any, as follows:

| Class | Estimated Allowed Claims | Treatment and Voting Status | Estimated Recovery to Holders of Allowed Claims |
|---|---|---|---|
| **Class 1—** Convenience Claims | $58,000 | Unimpaired Deemed to Accept | 100% |
| **Class 2—** Gold Blaze Prepetition Claim | $10,000,000.00[2] | Impaired Entitled to Vote | UNKNOWN |
| **Class 3—** Other Unsecured Claims | $585,000 | Impaired Entitled to Vote | UNKNOWN |
| **Class 4—** Equity Interests | n/a | Impaired Deemed to Reject | Cancelled. |

### RELIEF REQUESTED

9.      By this Motion, the Debtor respectfully requests entry of the Solicitation Procedures Order, substantially in the form submitted herewith (i) fixing the dates and deadlines related to solicitation and confirmation of the Plan as set forth in the Confirmation Schedule

---

[2] If it is determined during later proceedings that the Over-Advance (as defined in the Plan), in whole or in part, is property of the Debtor's estate, then such amount of the Over-Advance shall become a part of the Gold Blaze Prepetition Claim and the amount of such claim will increase accordingly.

(defined below); (ii) approving certain solicitation, notice, and tabulation procedures (the "Solicitation Procedures") with respect to confirmation of the Plan; (iii) approving the forms of the ballots and the notices in connection therewith; and (iv) granting other related relief.

10.    A summary of the key dates the Debtor seeks to establish by Solicitation Procedures Order are as follows (the "Confirmation Schedule"):

| PROPOSED TIMETABLE | |
| --- | --- |
| **EVENT** | **DATE** |
| Plan Filing | September 2, 2022 |
| Record Date | September 30, 2022 |
| Solicitation Completed | October 3, 2022 |
| Plan Supplement Filed | October 21, 2022 |
| Confirmation Objection Deadline | October 31, 2022, at 4:00 p.m. |
| Voting Deadline | October 31, 2022, at 5:00 p.m. |
| Voting Report Filed | November 2, 2022 |
| Reply Deadline | November 4, 2022, at 4:00 p.m. |
| Confirmation Hearing | November 7, 2022, at _:__  _.m. |

## BASIS FOR RELIEF REQUESTED

11.    The Debtor has elected to proceed pursuant to Subchapter V as a small business debtor.  Accordingly, the Bankruptcy Code does not require the preparation or filing of a disclosure statement unless ordered by the Court for cause.  *See* 11 U.S.C. § 1181 ("Unless the court for cause orders otherwise, … section 1125 of this title do[es] not apply in a case under this subchapter.").  Here, no party has sought, nor has the Court ordered, the filing of a disclosure statement.  Instead, the Plan will contain sufficient information for all creditors, interest holders, and parties in interest to analyze the treatment of their claims and interests and determine whether to vote for or against the Plan.

12.    Interim Bankruptcy Rule 3017.2 provides that in Subchapter V cases where a  disclosure statement is not required to be filed the Court shall:

a. fix a time within which the holders of claims and interests may accept or reject the plan;

b. fix a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan;

c. fix a date for the hearing on confirmation; and

d. fix a date for transmission of the plan, notice of the time within which the holders of claims and interest may accept or reject the plan, and notice of the day for confirmation.

*See* Interim Bankruptcy Rule 3017.2.

**A.    The Court Should Approve Certain Confirmation-Related Deadlines**

*i.    The Confirmation Hearing and Objection Deadline*

13.    Bankruptcy Rules 2002(b) and 3017(a) require that twenty-eight (28) days' notice be given by mail to all creditors and equity interest holders of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1). Further, section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

14.    Here, the Debtor proposes to serve the Plan no later than October 3, 2022. The proposed deadline for objecting to confirmation of the Plan is October 31, 2022, at 4:00 p.m. (prevailing Eastern Time) (the "Confirmation Objection Deadline"). The proposed date for the Confirmation Hearing is November 7, 2022. Accordingly, the Debtor has proposed a schedule that will provide all creditors and interest holders at least 28 days' notice of the proposed Objection Deadline and 35 days' notice of the proposed Confirmation Hearing. The proposed schedule

affords creditors and all other parties-in-interest ample notice of the deadlines. All Claim and Interest Holders will have sufficient time under the circumstances to evaluate their rights in respect of the Plan prior to the proposed Confirmation Hearing thereon and, therefore, no party in interest will be prejudiced by the requested relief.

*ii.    The Record Date*

15.    Bankruptcy Rule 3017(d) provides that for purposes of seeking confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

16.    In order to comply with the Bankruptcy Code and to ensure there is no confusion over who is entitled to vote on the Plan, the Debtor requires the establishment of a record date. The Debtor proposes that the Court establish the date of the hearing scheduled for this Motion, September 30, 2022, as the record date (the "Record Date") for such purposes.

*iii.    The Voting Deadline*

17.    Bankruptcy Rule 3017(c) provides, in relevant part, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Debtor requests that the Court establish October 31, 2022, at 5:00 p.m. (prevailing Eastern Time) as the voting deadline (the "Voting Deadline"). The Debtor believes that this timeframe will provide the members of the Voting Classes with adequate time to consider the Solicitation Package (as defined below) and respond by casting their ballots. The Voting Deadline is prominently displayed on the

Confirmation Hearing Notice (as defined below).

*iv.      The Deadline to File a Voting Report*

18.      The Debtor intends to prepare and file with the Court a voting report (the "Voting Report") by November 2, 2022.

*v.      The Deadline to File a Confirmation Brief and/or Reply to any Plan Objection*

19.      The Debtor also requests that it (and other parties in support of the Plan) be permitted to file a brief in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan no later than November 4, 2022, at 4:00 p.m. (prevailing Eastern Time).

**B.      The Court Should Approve the Solicitation, Notice and Tabulation Procedures**

20.      In order to seek confirmation of the Plan in an effective manner that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and due process, the Debtor seeks approval of the Solicitation Procedures described herein. The Debtor believes the Solicitation Procedures are well-designed and specifically tailored to effectively permit parties in interest to make an informed judgment regarding the Plan and for the Voting Classes to determine whether to vote to accept or reject the Plan.  To the extent that circumstances require further modifications of, or amendments to, the Solicitation Procedures, the Debtor reserves its right to supplement or amend the Solicitation Procedures to further facilitate the solicitation of the Plan.

21.      The Debtor proposes to distribute the Solicitation Package required by Bankruptcy Rule 3017(d) to members of the Voting Classes in the form and manner described below.

22.      Except as otherwise indicated, upon entry of the Solicitation Procedures Order, the Debtor proposes that the following materials (collectively, the "Solicitation Package") be distributed by or on behalf of the Debtor to each record holder of a Claim or an Interest in the  Voting Classes, at the option of the Debtor by (i) mail or (ii) via email where the Debtor does

not  have a physical address for the Claim or Interest Holder:

> i.  a cover letter describing the contents of the Solicitation Package;
>
> ii.  the Solicitation Procedures Order;
>
> iii.   the Confirmation Hearing Notice indicating, among other things, that the creditor was served previously with the Plan either via first class mail or email;
>
> iv.  the applicable Ballot, including voting instructions;
>
> v.  a  pre-addressed  stamped  return  envelope  (for those   receiving  the Solicitation Package by mail); and
>
> vi.  such other materials as the Court may direct or as agreed between the Debtor.

23.    All other parties in interest will receive a copy of the notice of the Confirmation Hearing, substantially in the form attached to the Solicitation Procedures Order as **<u>Exhibit A</u>** (the "<u>Confirmation Hearing Notice</u>").  The Confirmation Hearing Notice provides, among other things, (i) notice of the filing of the Plan and that the creditor previously received a copy of such; (ii) information regarding the Confirmation Hearing; (iii) directions for filing objections to the confirmation of the Plan by the Objection Deadline; and (iv) provide directions to obtain copies of the Plan.

24.    In addition, the Debtor intends to send the holders of Claims and Interests in the Classes that are deemed to either accept or reject the Plan, the N o t i c e  o f  Non-Voting Status,  substantially in the form attached to the Solicitation Procedures Order as **<u>Exhibit B</u>** (the "<u>Notice of Non-Voting Status</u>" and  together  with  the  Confirmation  Hearing  Notice,  the "<u>Notices</u>").  The N o t i c e  o f  Non-Voting Status will explain to holders in the Non-Voting Classes their non-voting status.

25.    Through  its  counsel, the Debtor intends to serve the Notices and the Solicitation

Package within three (3) days of the entry of the Solicitation Procedures Order (the "<u>Service Date</u>").

26.     The Debtor submits that service of the Notices and the Solicitation Package on or before the Service Date will provide the requisite information to holders of Claims and Interests. Further, the timing proposed by the Debtor with respect to the Notices and the Solicitation Package will provide creditors and parties in interest sufficient time to review and analyze the effect of the Plan on their interest.

**C.      The Court Should Approve the Form of the Confirmation Hearing Notice**

27.     The Debtor intends to send to all holders of Claims and Interests a copy of the Confirmation Hearing Notice. In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice shall contain, among other things: (i) notice of the filing of the Plan and that the creditor previously received a copy of such; (ii) information regarding the Confirmation Hearing; (iii) directions for filing objections to the confirmation of the Plan by the Objection Deadline; and (iv) directions to obtain a copy of the Plan.

28.     The Debtor respectfully requests that the Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(b).

**D.      The Court Should Approve the Form of the Notice to Non-Voting Classes**

1.      The Debtor does not intend to solicit votes from holders of Claims and Interests in the Non-Voting Classes, who are unimpaired and deemed to accept the Plan or impaired and deemed to reject the Plan. As explained above, the  Debtor will, however, send the Notice of Non-Voting Status in lieu of the Solicitation Package,  to the holders of Claims and Interests not entitled to vote on the Plan.  The Debtor respectfully submits that the Notice of Non-Voting Status complies with the Bankruptcy Code  and, therefore, should be approved.

**E.      The Court Should Approve the Forms of the Ballot**

2.      Bankruptcy Rule 3018(c) provide that the ballots for accepting or rejecting a plan under Chapter 11 should conform substantially to Official Form No. 314. The Debtor proposes to distribute to holders of Claims in the Voting Classes their ballots as set forth in **Exhibit C** and **Exhibit D** as attached to the Solicitation Procedures Order (each a "Ballot" and together, the "Ballots").  The Ballots are based on Official Form No. 314 but have been modified to address the particular aspects of this Case and to include certain additional information that the Debtor believes is relevant and appropriate for the holders of Claims entitled to vote.

3.      In order to properly submit a Ballot, parties must fully complete the Ballot and submit it to Debtor's counsel by mail (at the address set forth in the Ballot) or electronically (at the e-mail address set forth in the Ballot), so that it is received by Debtor's counsel by 5:00 p.m. on the Voting Deadline. Ballots submitted by other means will not be accepted. Only properly completed, executed, and timely submitted Ballots will be accepted. To that end, the Debtor requests that the following Ballots not be counted in tabulating votes cast to accept or reject the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot submitted by a party that does not hold a Claim in a Class that is entitled to vote; (c) any Ballot that is not signed (electronically or physically, as applicable); and (d) any Ballot not marked to either accept or reject the Plan.

4.      The solicitation process shall be conducted by Debtor's counsel.  Pursuant to the Solicitation Procedures, Debtor's counsel will distribute the Ballots, as part of the Solicitation Package, to all holders of claims in the Voting Classes. The Non-Voting Classes will all be unimpaired and conclusively deemed to have accepted the Plan. As such, holders in the Non-Voting Classes will receive a Confirmation Hearing Notice a Notice of Non-Voting Status.

## NOTICE

5.      The Debtor has provided notice of this Motion to the following parties or their

respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders

of the 20 largest unsecured claims against the Debtor; (c) the DIP Lender; (d) the Subchapter V

Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The

Debtor submits that, in light of the nature of the relief requested, no other or further notice need be

given.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court enter the Solicitation Procedures Order and grant such other and further relief as this Court

deems just and proper.


Dated: September 8, 2022              Respectfully submitted,
Wilmington, DE
                                     GELLERT SCALI BUSENKELL & BROWN, LLC

                                     */s/ Michael Busenkell*
                                     Michael Busenkell (DE 3933)
                                     Ronald S. Gellert (DE 4259)
                                     Bradley P. Lehman (DE 5921)
                                     1201 N. Orange St., Ste. 300
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 425-5800
                                     Facsimile:  (302) 425-5814
                                     mbusenkell@gsbblaw.com
                                     rgellert@gsbblaw.com
                                     blehman@gsbblaw.com

                                     *Attorneys for Debtor and Debtor in Possession*