IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Medical Technology Associates II, Inc., | ) | |
| | ) | Case No. 22-10534 (CTG) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Medical Technology Associates II, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 22-50389 (CTG) |
| v. | ) | |
| | ) | |
| Carl W. Rausch and World Technology | ) | |
| East II, Limited, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF DEFENDANT'S COUNTERCLAIM

Defendants / Counterclaim-Plaintiffs Carl W. Rausch and World Technology East II Limited ("WTE2") submit this memorandum in opposition to the Motion for Partial Dismissal of Defendants' Counterclaim.

10161982 v1

**INTRODUCTION**

Medical Technology Associates II, Inc.'s ("MTA2") motion to dismiss Defendants' counterclaim is just another example of MTA2's attempts to put the cart before the horse.  MTA2 has already filed a premature motion for summary judgment before Defendants even answered the Adversary Proceeding Complaint or had an opportunity to take discovery.   Once again, ignoring that this a motion to dismiss that turns on the sufficiency of the allegations, MTA2 shifts to why it thinks it will ultimately win this case.  It provides no basis to dismiss the lone count in the Counterclaim seeking a declaration on the ownership of certain intellectual property rights as between the parties.

**I.    SUMMARY OF ARGUMENT**

There is no basis to dismiss the Counterclaim seeking a determination of, among other things, the parties' rights to certain intellectual property.  MTA2's lone argument is that a Development and Licensing Agreement ("DLA") between MTA2 and WTE2 says nothing about who owns intellectual property and therefore is irrelevant.  This argument misses the mark for several reasons.  As set forth below, the DLA confirms that WTE2 is licensing the relevant intellectual property to MTA2.  This is consistent with what is pleaded in the counterclaim. Moreover, Rausch and WTE2 have pleaded, in the alternative, assuming there was no such agreement, Rausch and/or WTE2 are the owners of the provisional patent applications and other intellectual property developed by Rausch.  MTA2 ignores this allegation in its motion.  Finally, the factual and legal arguments regarding why MTA2 thinks it will ultimately prevail are improper and irrelevant on this motion to dismiss.  This is confirmed by all of the caselaw it cites which have decided these factual issues on a motion for summary judgment or after a bench trial.  The Court should deny the motion.

II.    **FACTUAL BACKGROUND**

Plaintiff Medical Technology Associates II ("MTA2") filed a one count adversary proceeding seeking the determine the rights to certain intellectual property (including provisional patent applications and other undefined intellectual property developed by Rausch) as between MTA2, WTE2 and Rausch.

In response, Rausch and WTE2 filed an answer with a counterclaim seeking, among other things, a determination of the intellectual property rights as between MTA2, WTE2 and Rausch. (the "Counterclaim")  Defendants allege that Rausch is an inventor with a long history of creating technologies in the medical field.   Counterclaim ¶ 5.   In 1978, Rausch began developing technology for artificial hemoglobin-based oxygen carriers as a substitute for blood transfusions (the "Technology").  Counterclaim ¶ 6.

Rausch created WTE2 in 2014 in Hong Kong to develop, patent and market this oxygen active protein technology and products emerging from Rausch's work in the 1980s.  Counterclaim ¶ 7.  Rausch was the sole shareholder of WTE2 at the time of its founding and remains its sole shareholder.  Counterclaim ¶ 8.  Rausch was also an officer and director of WTE2 at all relevant times.  Counterclaim ¶ 7.

In order to gain approval for use of that technology in the United States, it was necessary to structure a license of the technology to a United States-based company.  Counterclaim ¶ 9.  To that end, Rausch created MTA2 in 2015, which was located in a New Hampshire residential address. Counterclaim ¶ 10.   At that time, Rausch was the sole shareholder of MTA2. Counterclaim ¶ 11.

It was always Rausch's intention that he would maintain ownership of any technology patents obtained with regard to the "purification technology" until specific product registration,

but that he would appropriately license or collaborate with those prosecuted and issued patents as necessary to other entities, including, but not limited to, MTA2 in order to gain approval for use in various countries.  Counterclaim ¶ 12.  This was also done to gain collaborators to accelerate the patenting opportunity given key biologic healthcare benefits from the output of the technology. Counterclaim ¶ 12.  Rausch's intention is reflected in the DLA, where MTA2 agrees that while Rausch may assign the rights to certain patents for approval and use, he retains ownership of those patents through WTE2.  Counterclaim ¶ 13.

In the request for declaratory relief, Defendants request a declaration that the DLA is a valid agreement and that, pursuant to that agreement, WTE2 retains ownership of the provisional patent applications and other intellectual property, which is at issue.  Defendants have alleged, in the alternative, even in the absence of an agreement, that WTE2 and/or Rausch are the owners of the provisional patent applications and other intellectual property:

> In the alternative, in the absence of any agreement, WTE2 and Rausch seek a declaration that WTE2 and/or Rausch retain ownership of the provisional patent applications identified by Plaintiff/Counterclaim-Defendant in its Complaint, as well as the technology and inventions underlying and disclosed therein, and all other intellectual property developed, in who, or in part, by Rausch as sole shareholder of WTE2.

Counterclaim ¶ 57.

MTA2 filed this motion for "partial" dismissal of WTE2's and Rausch's counterclaim. The argue that the counterclaim should be dismissed as no rights flow from the DLA.  MTA2 <u>does not</u> seek dismissal of the counterclaim to the extent it seeks a determination of the validity of the DLA.  MTA2's Brief at 2 n.2.  MTA2 also does not make any argument regarding Defendants' request for a declaration that WTE2 and/or Rausch are the owners of the provisional patent applications and other intellectual property "<u>in the absence of any agreement</u>."  Counterclaim ¶ 57

(emphasis added).   In other words, even assuming the DLA did not exist, WTE2 and Rausch are the owners.  Id.

## III.   ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) (made applicable by Bankruptcy Rule 7012) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. See Animal Science Products, Inc. v. China Minmetals Corp., 654 F.3d 462, 469 n.9 (3d Cir. 2011).

In resolving a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the complainant. City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). The complaint's allegations need not be detailed, but they must contain sufficient factual matter to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

A motion to dismiss is not a vehicle to determine the ultimate outcome of a dispute on the merits. See Brunelle v. City of Scranton, Civ. No. 3:15-cv-960, 2018 WL 3725731, at *7 (M.D. Pa. July 17, 2018) ("we are not called upon at this time to evaluate the ultimate merits of this claim. Instead, when considering a motion to dismiss our task is simply to assess the sufficiency of the plaintiff's pleadings"); Wright v. Cuyler, 517 F. Supp. 637, 644 (E.D. Pa. 1981) ("the probability

of ultimate success on the merits is not relevant on a motion to dismiss, where the plaintiff's allegations must be accepted as true…."). The court is only to determine whether a party has sufficiently plead a cause of action, which would permit the party the ability to obtain discovery to support those claims. Id. A decision on the ultimate outcome is for later. Despite these long-established principles, MTA2 seeks to argue the facts it believes would support a decision in its favor at trial. This includes arguments on facts and defenses not triggered by the pleadings. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (affirmative defense must be clear on the face of the pleading to consider it on a motion to dismiss); accord Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) ("a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense").

**B.      There Is No Basis to Dismiss The Counterclaim Seeking A Declaration Of The Intellectual Property Rights Between The Parties.**

There is no question that Rausch and WTE2 has pleaded a viable declaratory judgment action to determine the ownership of certain intellectual property. MTA2's sole count of its adversary proceeding seeks a declaration as to those very same intellectual property rights. Disregarding this, MTA2 seeks to advance its factual argument and defenses in a motion to dismiss, which is not proper.

Rausch and WTE2 have pleaded a ripe declaratory judgment action. The following three factors determine whether the matter is ripe for declaratory relief: 1) whether the parties' interests are sufficiently adverse; 2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and 3) whether the decision will render practical help to the parties. Step–Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir.1990). All three elements are satisfied here. There is direct adversity between the parties as to the ownership of certain intellectual property rights. The Court can issue a ruling as to the ownership, whether it is

favor of one side or the other or a joint ownership or sharing of rights. Such a ruling would be helpful for the parties moving forward. With those elements satisfied, Rausch and WTE2 (like MTA2 in its Adversary Proceeding Complaint) have alleged a claim for declaratory relief. This should be the end of the inquiry.

MTA2 suggests that the DLA is immaterial to the ownership interests of the intellectual property. This is wrong, and MTA2 can only reach this result by parsing snippets from the DLA in a vacuum. Rausch and MTA2 have pleaded that Raush is the inventor, that is, the source of the technology, and has been developing the technology since at least the 1980s. Counterclaim ¶¶ 5-6. Rausch formed WTE2 in Hong Kong in 2014 to develop, patent and market the technology which he had developed. Counterclaim ¶ 7. He is WTE2's sole shareholder and also an officer and director of WTE2. Counterclaim ¶ 8. Rausch started MTA2 in 2015 in order to have an entity in the United States to seek approval for use of the technology there. Counterclaim ¶ 9-10. Rausch always intended that he would maintain ownership of the intellectual property, but that he would appropriately license or collaborate as necessary with other entities, including MTA2, in order to gain approval for use of the technology in various countries. Counterclaim ¶ 12. When considered against this background, the DLA between WTE2 and MTA2 is directly relevant to the ownership of the intellectual property rights. Its existence confirms that Rausch owned the intellectual property and patents through WTE2 with a license granted to MTA2 to use the technology in the United States as necessary to get approvals. Counterclaim ¶ 13. While MTA2 has a different story, it is the allegations in the Counterclaim which must prevail on a motion to dismiss.

The cases MTA2 relies on confirm that this issue is not something that can be resolved on a motion to dismiss. The ownership issues are fact intensive and may only be ripe to decide on a motion for summary judgment or trial. See Teets v. Chromalloy Gas Turbine Corp., 83 F.3d 403

(Fed. Cir. 1996) (decision after a bench trial); <u>Ono's Trading Co. v. Parnell</u>, 2006 WL 8437743

(S.D. Ala. Nov. 22, 2006) (summary judgment); <u>HWB, Inc. v. Braner, Inc.</u>, 1994 WL 447530

(N.D. Il. Aug. 16, 1994) (summary judgment); <u>Great Lakes Press Corp.</u>, 695 F. Supp. 1440

(W.D.N.Y. 1987) (summary judgment).[1]  And all of the cases are inapposite.  None of them

involved facts similar to here.  In <u>Ono's Trading</u>, a member of Ono's started up a competing

company while still a member of Ono's.  <u>Ono's Trading</u>, 2006 WL 8437743, at *8.  The court

found this to be a violation of a duty of loyalty to Ono's.  This is in stark contrast to the facts here

where Rausch started up WTE2 to develop the technology and was an officer and director of WTE2

<u>before starting up MTA2</u>.  Rausch had and continues to have obligations to WTE2.  Rausch then

started MTA2 in the United States to facilitate approval of the technology there and licensed the

technology to MTA2 for this purpose.  From these facts, there is no basis to conclude as a matter

of law that MTA2 has an exclusive ownership right to everything Rausch developed.  And the

cases confirm that it is no *per se* rule, the cases turn on the facts.  <u>See</u>, <u>e.g.</u>, <u>HWB</u>, 1994 WL

447530, at *5 (in determining the issue of assignor estoppel, the court considered, among other

things, the party's role with the company, company policy, consideration received, the parties'

conduct, etc.).  There is no exhaustive list of considerations; it depends on the particular facts.

Finally, the determination of these same factual issues will ultimately determine whether MT2,

WTE2 and/or Rausch have ownership of the intellectual property rights.  <u>See</u> <u>University Patents,</u>

<u>Inc. v. Kligman</u>, 762 F. Supp. 1212 (E.D. Pa. 1991) (inventor is presumed to own the patent, while

---

[1] MTA2 has moved for summary judgment on its claim in the Adversary Proceeding before Rausch's and WTE2' answers were due.  As set forth in Rausch's and WTE2's response, such a motion is premature given there has been no discovery in this action and as discovery in the prior Eastern District of Pennsylvania action was limited to issues related to a motion to disqualify and compel arbitration and there was no discovery on the ownership issues and no depositions of MTA2's officers, directors or investors.

under certain circumstances, "the employer may have a non-exclusive and non-transferable royalty-free license (that is, a "shop right") to use the employee's patented invention"). But we are not there yet. We are only at the motion to dismiss stage.

MTA2's attacks on the DLA are misplaced and mischaracterize the meaning and import of the DLA. While the DLA was signed in September 2017, it was meant to formalize and govern the parties' relationship going forward. As Rausch and WTE2 developed relevant technology, MTA2 would get access to those technologies as part of the DLA. See DLA, p.2 ("WTE2 Technology") ("Intellectual Property hereafter conceived constituting improvements or discoveries, whether existing on the date of this Agreement or subsequently created during the term of the Agreement….") (Adversary Proceeding Complaint ¶ 4). The technology is not stagnant. As Rausch and WTE2 have pleaded, the DLA confirms Rausch's intent that he would retain ownership of the technology through WTE2 which in turn would license it to others, including MTA2. The suggestion that the DLA has no relevance to the parties' understanding regarding the ownership of technology ignores reality.

Finally, MTA2's spin on the DLA is irrelevant to whether to dismiss Rausch's and WTE2's counterclaim regarding a declaration of intellectual property rights. Even assuming for argument's sake that MTA2's interpretation is correct, Rausch and WTE2 have requested, in the alternative, a declaration of the parties' respective rights to the provisional patent applications and other intellectual property assuming there is no agreement (DLA). Counterclaim ¶ 57. There is no basis to dismiss the counterclaim.

## **CONCLUSION**

For the reasons set forth above, this Court should deny Plaintiff Medical Technology Associates II Inc.'s motion to dismiss the Counterclaim of Carl W. Rausch and World Technology East II Limited.

Dated:  September 22, 2022                    Respectfully submitted,

                                             FLASTER/GREENBERG, P.C.

                                             /s/ Damien Nicholas Tancredi

                                             Damien Nicholas Tancredi (DE 5395)
                                             1007 North Orange Street, Suite 400
                                             Wilmington, DE 19801
                                             (215) 587-5675
                                             damien.tancredi@flastergreenberg.com


                                             and

                                             FERRARA LAW GROUP, P.C.
                                             Aaron L. Peskin (pro hac pending)
                                             Kevin J. Kotch (pro hac pending)
                                             1 Holtec Dr., Suite G-102
                                             Marlton, NJ 08053
                                             Telephone:  (609) 571-3738
                                             Fax:  (609) 498-7440
                                             aaron@ferraralawgp.com
                                             kevin@ferraralawgp.com
                                             Attorneys for Defendants, Carl W. Rausch and World Technology East II Limited

10161982 v1                                  10